Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6642 | **DATE** | 9/23/2003 |
| **CASE TITLE** | Terry D'Angelo vs. J&F Steel Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court denies the defendant's motion for an award of attorney fees [39-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 2 4 2003 | |
| | Notified counsel by telephone. | date docketed | 57 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | date mailed notice | |
| | | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TERRY D'ANGELO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| J&F STEEL CORPORATION, | ) | No: 01 C 6642 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Terry D'Angelo sued the defendant J&F Steel Corp. for overtime wages and damages, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law. This Court granted defendant's motion for summary judgment based upon defendant's affirmative defense that plaintiff was an exempt employee under the Fair Labor Standards Act and thus not entitled to overtime compensation. The defendant then moved pursuant to 28 U.S.C. § 1927 and 29 U.S.C. §§ 201-219 to hold plaintiff and/or plaintiff's lead counsel, David L. Lee, liable for defendant's attorney fees. For the reasons stated herein, defendant's motion for an award of attorney fees is denied.

## FACTS

Terry D'Angelo filed suit against her former employer J&F Steel Corp., pursuant to the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law. (Mem. Supp. Def.'s Mot. Att'y Fees at 1.) The FLSA requires an employer to pay its nonexempt employees one and a half times their regular wages for the number of hours

1

worked in excess of forty hours per week. (Pl.'s Mem. Opp'n Def.'s Mot. Att'y Fees at 1.) However, the defendant was able to show that Ms. D'Angelo was an exempt employee under the FLSA "short test" for administrative employees. (*Id.* at 7.) The "short test" contains three prongs: (1) the salary basis test, as defined in the regulations, (2) the employee's classification as an administrative, executive, or professional, and (3) the employee's primary duties test. (Mem. Supp. Def.'s Mot. Att'y Fees at 5.) Because Ms. D'Angelo fit within the three prong "short test" as an exempt administrative employee, she was not entitled to overtime compensation and thus the defendant's motion for summary judgment was granted by this Court. (Pl.'s Mem. Opp'n Def.'s Mot. Att'y Fees at 1.)

## DISCUSSION

The plain language of the FLSA allows a prevailing plaintiff to recover attorney fees from the defendant, but does not provide for a prevailing defendant to recover such fees: "'The court in such action shall, in addition to any judgment awarded the plaintiff or plaintiffs, allow a reasonable attorney's fees to be paid by the <u>defendant</u>, and the costs of the action.' [29 U.S.C. §216(b) (emphasis added).]" (*Id.* at 4.) Despite the plain language of the FLSA, the defendant claims that applicable case law interpreting the statute provides that prevailing defendants may recover an award of attorney fees "where the plaintiff has acted in bad faith." (Mem. Supp. Def.'s Mot. Att'y Fees at 3.) In other words, the defendant asserts that the bad faith exception to the American rule applies. (*Id.* at 4.) The American rule provides that each party must bear its own attorney fees unless the opposing party has acted in bad faith. *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 258 (1975).

In addition to the FLSA and the bad faith exception to the American rule, the defendant also cites 28 U.S.C. § 1927 in his argument for an award of attorney fees. (Mem. Supp. Def.'s Mot. Att'y Fees at 2.) This statute essentially restates the American rule by allowing an award of attorney fees only when one attorney "multiplies the proceedings...unreasonably and vexatiously." *TCI Ltd. v. Needler*, 769 F.2d 441, 445 (7th Cir. 1985). "Vexatious" has been interpreted to mean either objective or subjective bad faith, which may be evidenced by intentional ill will or reckless conduct. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 1992). Mere negligence does not satisfy the bad faith requirement and thus "something more than ordinary negligence must exist in order to justify the order of sanctions." *Id.* at 1185.

In the present case, neither the plaintiff nor her lead counsel is liable for attorney fees because there is no evidence of bad faith on the part of either. In contrast, in *Fred A. Smith Lumber Co. v. Edidin*, the court awarded the prevailing defendant attorney fees pursuant to 28 U.S.C. § 1927 because the plaintiff ignored dispositive authority, persisted with claims barred by the statute of limitations, and further acted in bad faith by filing a fraud claim against the defendant without any supporting facts. *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750, 752-53 (7th Cir. 1988).

Here, both the plaintiff and her lead counsel made a good faith effort to show that plaintiff did not fit within the FLSA administrative employee exemption. They attempted to dispute "defendant's evidence on the various factual point[s] involved in the administrative exemption" as well as "in good faith cited Department of Labor regulations and relevant cases and distinguished defendant's cases." (Pl.'s Mem. Opp'n Def.'s Mot. Att'y Fees at 8.) In addition, the FLSA short test analysis requires that the

3

employer (the defendant here) bear the burden of proving that the employee (the plaintiff) fits within the exemption. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974). Lastly, "a determination of whether an employee has [administration] as his primary duty must be based on all the facts in a particular case." (29 C.F.R. § 541.103).

Therefore, because there is no evidence that plaintiff or her lead counsel acted in bad faith neither one is liable for defendant's attorney fees under 29 U.S.C. § 201 *et seq.* or 28 U.S.C. § 1927. Although the plaintiff ultimately lost her case, "sanctions are not automatically warranted where a party loses a dispositive motion." *Walter v. Fiorenzo*, 840 F.2d 427, 436 (7th Cir. 1988). "It is important…to resist the understandable temptation to engage in post hoc reasoning by concluding that, because plaintiff did not ultimately prevail, [her] action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Christiansburg Garment Co., v. Equal Employment Opportunity Commission*, 434 U.S. 412, 421-22 (1978).

## CONCLUSION

For the foregoing reasons, the Court denies the defendant's motion for an award of attorney fees [39-1].

SO ORDERED

Entered: 9/23/03

HON. RONALD A. GUZMAN
United States Judge

4